UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:16cv195-FDW

| NIJEL RAMSEY LEE-BEY[1], | ) | |
|---|---|---|
| Petitioner, | ) | |
| vs. | ) | ORDER |
| FRANK L. PERRY[2], | ) | |
| Respondent. | ) | |

**THIS MATTER** is before the Court upon initial review of Petitioner Nijel Ramsey Lee-Bey's pro se Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (Doc. No. 1.) Also before the Court is Petitioner's application to proceed in forma pauperis. (Doc. No. 2.)

## I. PROCEDURAL HISTORY

Petitioner is a prisoner of the State of North Carolina who, on May 3, 2000, was convicted in Mecklenburg County Superior Court of one count of second-degree murder, two counts of robbery with a dangerous weapon, and four counts of second degree kidnapping. See N. C. Dep't of Public Safety Public Offender Info., http://webapps6.doc.state.nc.us/opi/offendersearch.do?method=list Offender # 0688249 (last viewed Nov. 23, 2016). He was sentenced to consecutive terms of imprisonment totaling 1,330 months. (Pet. 2, Doc. No. 1.)

---

[1] Incarcerated under the name Nijel Ramsey Lee. See N. C. Department of Public Safety Public Offender Information, available at http://webapps6.doc.state.nc.us/opi/offendersearch.do?method=list Offender # 0688249 (last viewed Nov. 23, 2016).

[2] Rule 2(a) of the Rules Governing Section 2254 Cases in the United States District Courts requires that a Petition for Writ of Habeas Corpus name the person who has immediate custody of the petitioner as the respondent in the action. Id., 28 U.S.C. folio § 2254. Consistent with Rule 2(a), Frank L. Perry, Secretary of the Department of Public Safety, shall be substituted for "State of North Carolina" as Respondent in this action.

1

From the Petition, it does not appear that Petitioner filed a direct appeal in the North Carolina Court of Appeals.

On July 7, 2011, Petitioner filed an "Alternative Writ of Habeas Corpus for Averment of Jurisdiction" in Mecklenburg County Superior Court, in which he argued that the trial court did not have personal jurisdiction to enter judgment against him in 2000. (Pet., supra.) The court construed Petitioner's pleading as a Motion for Appropriate Relief ("MAR"), and denied it. (Pet., supra.) Petitioner does not provide the date on which it was denied. On July 24, 2013, Petitioner attempted to appeal the court's decision by filing a notice of appeal in the Mecklenburg County Superior Court. (Pet., supra, at 3.) He provides no further information regarding this attempt.

On October 1, 2013, Petitioner filed a second notice of appeal in the Mecklenburg County Superior Court. (Pet., supra.) According to the Petition, when the Mecklenburg County Superior Court Clerk refused to file and forward Petitioner's appeal to the North Carolina Court of Appeals, Petitioner filed it in the appellate court himself. (Pet., supra.) Petitioner does not provide a date for this filing but states that the North Carolina Court of Appeals denied his appeal on May 16, 2014. (Pet., supra, at 4.)

Petitioner appealed the decision in the North Carolina Supreme Court on December 14, 2015. (Pet., supra.) The North Carolina Supreme Court construed the appeal as an application for Writ of Habeas Corpus and denied it on December 15, 2015. State v. Lee-Bey, 780 S.E.2d 556 (N.C. 2015) (Mem).

Petitioner filed the instant § 2254 Petition in this Court on April 21, 2016, when he signed it under penalty of perjury and placed it in the prison mailing system. (Pet., supra, at 6-7.)

Liberally construed, the Petition raises a claim that the trial court lacked personal jurisdiction over Petitioner when it entered judgment against him, rendering his incarceration illegal.

## II.     STANDARD OF REVIEW

The Court is guided by Rule 4 of the Rules Governing Section 2254 Cases, which directs district courts to examine habeas petitions promptly. Rule 4, 28 U.S.C.A. foll. § 2254. When it plainly appears from any such petition and any attached exhibits that the petitioner is not entitled to relief, the reviewing court must dismiss the motion. Id.

In conducting its review under Rule 4, the Court "has the power to raise affirmative defenses sua sponte," including a statute of limitations defense under 28 U.S.C. § 2244(d). Hill v. Braxton, 277 F.3d 701, 706 (4th Cir. 2002). The Court may dismiss a petition as untimely under Rule 4, however, only if it is clear that the petition is untimely, and the petitioner had notice of the statute of limitations and addressed the issue. Id. at 706–707.

## III.    DISCUSSION

### A.  In Forma Pauperis Application

Federal law requires that a petitioner seeking habeas review of his state conviction and/or sentence in federal district court pay a filing fee in the amount of $5.00 or be granted leave to proceed without prepayment of fees and costs. Rule 3(2) of the Rules Governing Section 2254 Cases in the United States District Courts requires a prisoner's habeas petition be accompanied by "a motion for leave to proceed in forma pauperis, the affidavit required by 28 U.S.C. § 1915, and a certificate from the warden or other appropriate officer of the place of confinement showing the amount of money or securities that the petitioner has in any account in the institution."

Petitioner's affidavit of indigency/IFP motion indicates that he is employed at the prison and earns $11.20 per month in wages. (Doc. No. 2.) Additionally, Petitioner's mother sends him money "from time to time" in "various amounts." (Id.) Although Petitioner did not provide a certified copy of his prison trust fund account statement, what he did provide shows that there was $2.80 in his trust account around the time he filed the instant habeas Petition. (Doc. No. 3.)

Based upon the foregoing, the Court finds Petitioner had insufficient funds to pay the $5.00 filing fee. As such, his application to proceed in forma pauperis shall be granted.

**B. Statute of Limitations**

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") provides a statute of limitation for § 2254 petitions by a person in custody pursuant to a state court judgment. 28 U.S.C. § 2244(d)(1). The petition must be filed within one year of the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Id. The limitations period is tolled during the pendency of a properly filed state post-conviction action. § 2244(d)(2).

Judgment was entered in this case on May 3, 2000, when Petitioner was sentenced. Petitioner had 14 days to file a direct appeal in the North Carolina Court of Appeals, see N.C. R.

4

App. P. 4(a)(2), which he did not do. Therefore, his convictions became final on or about May 17, 2000, when the time for seeking direct review expired. See § 2244(d)(1)(A).

The federal statute of limitation then ran for 365 days until it finally expired on or around May 17, 2001, more than 10 years before Petitioner filed his "Alternative Writ of Habeas Corpus for Averment of Jurisdiction" in the Mecklenburg County Superior Court. Neither that filing, nor any of Petitioner's subsequent filings in the state courts, restored or restarted the federal statute of limitation. See Minter v. Beck, 230 F.3d 663, 665–66 (4th Cir. 2000) (recognizing that state applications for collateral review cannot revive an already expired federal limitation period). Thus, absent equitable tolling or applicability of one of the other provisions of § 2244(d)(1), Petitioner's habeas petition is time-barred.

Petitioner contends that the one-year statute of limitation does not apply in this instance because challenges to a court's personal jurisdiction can be raised at any time. (Pet., supra, at 6.) The federal court's that have addressed this argument have held otherwise, however. See Jones-Bey v. Alabama, 2014 WL 1233826, at *2 (N.D. Ala. March 25, 2014) (unpublished) ("There is no exception under AEDPA's statute of limitation for a § 2254 claim that the state court lacked jurisdiction.") (citing Davis v. Secretary Dep't of Corrections, 2009 WL 4730548 (M.D. Fla. Dec. 7, 2009); Umbarger v. Burt, 2008 WL 3911988 (W.D. Mich. Aug. 19, 2008); Blackshear v. McDonough, 2008 WL 2312677 (M.D. Fla. June 4, 2008) (dismissing as untimely a § 2254 petition which argued the one-year limitation did not apply to the allegation that the state court lacked jurisdiction); Carpenter v. Motley, 2007 WL 4553340 (W.D. Ky. Dec. 18, 2007) ("AEDPA does not extend the time limit for raising state jurisdictional claims."); Griffin v. Padula, 518 F. Supp.2d 671, 677 (D.S.C. 2007) ("There is no exception under the AEDPA for subject matter jurisdiction claims."); Hornsby v. Booker, 2007 WL 1499839 (E.D. Mich. May

22, 2007) (denying petitioner's motion for reconsideration and reiterating that "a prisoner filing a habeas corpus petition is not exempt from the statute of limitations simply because the prisoner raises a claim that the state court lacked jurisdiction."); Johnson v. Jones, 2006 WL 2092601, *2 (M.D. Ala. 2006)); see also § 2244(d)(1)(B)-(D) (setting forth the only three circumstances warranting statutory tolling).

Furthermore, in North Carolina, the Superior Court has "exclusive, original jurisdiction" over all criminal offenses against the laws of North Carolina, "not assigned to the district court division," regardless of the citizenship of the defendant. N.C. Gen. Stat. § 7A-271 (West). Additionally, North Carolina trial division courts "have personal jurisdiction over those who commit crimes within the borders of the state." State v. Goode, 710 S.E.2d 301, 303 (N.C. Ct. App. 2011) (citing N.C. Const. art. IV, § 12(4)). That Petitioner does not recognize North Carolina's sovereignty within its borders, or the jurisdiction of its courts, is irrelevant to the legality of his convictions and sentence. See e.g., United States v. Benabe, 654 F.3d 753, 767 (7th Cir. 2011) ("Regardless of an individual's claimed status of descent, be it as a 'sovereign citizen,' a 'secured-party creditor,' or a 'flesh-and-blood human being,' that person is not beyond the jurisdiction of the courts."); United States v. White, 480 F. App'x 193, 194 (4th Cir. 2012) ("Neither the citizenship nor the heritage of a defendant constitutes a key ingredient to a . . . court's jurisdiction in criminal prosecutions[.]"). Moreover, "[t]here is nothing in the Constitution that requires a court to permit a guilty person rightfully convicted to escape justice because he was brought to trial against his will." Frisbie v. Collins, 342 U.S. 519, 522 (1952).

Equitable tolling of the statute of limitations also is not warranted in this case. Equitable tolling of a habeas petition is available only when the petitioner demonstrates "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his

6

way and prevented timely filing." Holland v. Florida, 560 U.S. 631, 649 (2010) (internal quotation marks omitted). Under Fourth Circuit precedent, equitable tolling is appropriate in those "rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result." Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003) (en banc) (quoting Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000)) (internal quotation marks omitted). According to Petitioner, he did not make his first attempt to obtain relief in the state courts until more than 11 years after he was convicted and sentenced, which does not constitute diligence. His Petition is untimely and must be dismissed.

**IT IS, THEREFORE, ORDERED** that:

1) The Petition for Writ of Habeas Corpus (Doc. No. 1) is **DISMISSED** as untimely;

2) Petitioner's application to proceed in forma pauperis (Doc. No. 2) is **GRANTED**;

3) The Clerk of Court shall substitute Frank L. Perry for the "State of North Carolina" as Respondent in this action; and

4) Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, the Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 474, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable, and that the petition states a debatably valid claim of the denial of a constitutional

7

right).

**SO ORDERED.**

Signed: November 28, 2016

Frank D. Whitney
Chief United States District Judge